

IN THE

# Court of Appeals of Indiana



FILED

Jul 14 2025, 10:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

Trent Dishman,

*Appellant-Defendant*

v.

Henry County Redevelopment Commission,

*Appellee-Plaintiff*

---

July 14, 2025

Court of Appeals Case No.
25A-PL-178

Appeal from the Henry Circuit Court

The Honorable Bob A. Witham, Judge

Trial Court Cause No.
33C01-2307-PL-36

---

**Opinion by Judge Mathias**
Judges May and Bradford concur.

**Mathias, Judge.**

[1] Trent Dishman appeals the trial court's entry of summary judgment for the Henry County Redevelopment Commission ("the RDC") on the RDC's complaint for breach of contract. Dishman raises a single issue for our review, which we restate as whether his contract with the RDC unambiguously allowed the RDC to exercise an option to purchase real property by depositing its exercise of that option in the mail.

[2] We affirm.

## Facts and Procedural History

[3] On July 4, 2022, Dishman and the RDC entered into a written Real Estate Option Agreement in which the RDC agreed to pay $10,000 to Dishman and, in exchange, Dishman provided the RDC with "the sole and exclusive right and option" to purchase certain real property owned by Dishman in Henry County. Appellant's App. Vol. 2, p. 104. The Option Agreement stated that the RDC may exercise its option to purchase that real property "at any time up to and including April 30[,] 2023, by depositing written notice of the exercise to [Dishman] at [his] address . . . on or before that date." *Id.* The Option Agreement further provided that "[a]ll notices provided for in this Agreement, if not delivered in person, shall be sent by United States certified mail, return receipt requested," to Dishman at his specified address. *Id.* at 106. Upon exercising its option, the RDC would pay an additional sum to Dishman for his conveyance of fee simple title in the real property to the RDC. And the Option

Agreement made clear that it contained "the entire understanding between the parties relating to the option granted . . . ." *Id.*

[4] On April 28, 2023, the RDC deposited written notice of its exercise of the option to purchase the real property in the United States certified mail, return receipt requested, addressed to Dishman's address. Dishman received the RDC's written notice on May 1. *Id.* at 85. Dishman concluded that, because he did not receive the written notice by the end of April 30, the RDC had failed to timely exercise its option to purchase the real property. He thus refused to sell the property to the RDC.

[5] The RDC then filed its complaint for breach of contract against Dishman and, among other things, sought specific performance under the Option Agreement. Both sides moved for summary judgment, which the trial court granted in favor of the RDC. This appeal ensued.

## Standard of Review

[6] Dishman appeals the trial court's entry of summary judgment for the RDC and the court's denial of his motion for summary judgment. Our standard of review is well settled:

> When this Court reviews a grant or denial of a motion for summary judgment, we "stand in the shoes of the trial court." Summary judgment is appropriate "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." We will draw all reasonable inferences in favor of the non-moving party. We review summary judgment de novo.

*Arrendale v. Am. Imaging & MRI, LLC*, 183 N.E.3d 1064, 1067-68 (Ind. 2022) (citations omitted). Questions of law, such as those presented in this appeal, are particularly apt for summary judgment. *See, e.g.*, *Erie Indem. Co. v. Estate of Harris*, 99 N.E.3d 625, 629 (Ind. 2018).

[7] The trial court here issued findings of fact and conclusions thereon in support of its summary judgment order. Such findings "are not required in summary judgment proceedings and are not binding on appeal," but they offer this Court insight into the trial court's rationale.[1] *Kay v. The Irish Rover Inc.*, 252 N.E.3d 437, 443 (Ind. Ct. App. 2025), *trans. denied*. Further, the fact that the parties have filed cross-motions for summary judgment neither alters our standard of review nor changes our analysis—we consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law. *Erie Indem. Co.*, 99 N.E.3d at 629.

[8] The issue in this appeal is one of contract interpretation. As our Supreme Court has explained:

> When interpreting a contract, this Court reviews the document as a whole, seeking to determine the parties' intent while making every attempt to construe the contract's language so as not to render any words, phrases, or terms ineffective or meaningless. When the terms of a contract are clear and unambiguous, the

---

[1] As the trial court's findings are not binding on our Court and our review is de novo, we reject Dishman's argument on appeal that we treat the trial court's findings with specialized scrutiny.

Court will apply the plain and ordinary meaning of the terms and enforce the contract according to its terms. . . .

*Thomas v. Valpo Motors, Inc.*, 258 N.E.3d 236, 241 (Ind. 2025).

## The trial court properly entered summary judgment for the RDC.

On appeal, Dishman argues that the trial court's order on summary judgment is erroneous because "[t]he default rule" in Indiana is that the "exercise of an option is effective when it is received, not when it is placed in the mail, unless the contract specifically provides otherwise." Appellant's Br. at 16. The RDC agrees with Dishman's assessment of Indiana law, and so do we. *See, e.g.*, *Romain v. A. Howard Wholesale Co.*, 506 N.E.2d 1124, 1127 (Ind. Ct. App. 1987), *trans. denied*.

Our opinion in *Romain* is illustrative. In *Romain*, the parties' contract allowed the option holder to exercise its option by both "paying" the property holder "and . . . mailing" notice of the exercise of the option to the property holder. *Id.* at 1126. We noted that "the option contract permits the requirement of notice to be fulfilled by means of mailing." *Id.* But, as the contract provided no such specificity with respect to how "paying" was to be accomplished, and the contract also provided that it would be construed in accordance with Indiana law, we concluded that "paying" was "not effectuated by depositing currency in the mail" and instead required "the remittance [to get] into the hands of the

receiver . . . ." *Id.* at 1126-27 (discussing *Guardian Nat'l Bank v. Huntington Cnty. State Bank*, 206 Ind. 185, 187 N.E. 388 (1933)).

[11] Dishman's arguments on appeal notwithstanding, the Option Agreement unambiguously specifies the manner in which the RDC would be able to accomplish the exercise of its option. It states that the RDC could exercise its option "at any time up to and including April 30[,] 2023, by *depositing* written notice of the exercise to [Dishman] at [his] address . . . on or before that date." Appellant's App. Vol. 2, p. 104 (emphasis added). The Option Agreement further provides that "[a]ll notices provided for in this Agreement, if not delivered in person, shall be sent by United States certified mail, return receipt requested," to Dishman at his address. *Id.* at 106.

[12] As in *Romain*, then, the Option Agreement here specifically provides that the option may be exercised by depositing the written notice of that exercise in the United States certified mail, return receipt requested, addressed to Dishman's address, by the end of April 30, 2023. The RDC complied with those unambiguous terms when it deposited its written notice that it would be exercising its option in the United States certified mail, return receipt requested, addressed to Dishman's address, on April 28, 2023. Dishman's attempts to rewrite the Option Agreement to require his receipt of the exercise of the option before the option could be effective is contrary to the plain language of his agreement and is not persuasive. *See, e.g.*, *Claire's Boutiques, Inc. v. Brownsburg Station Partners LLC*, 997 N.E.2d 1093, 1098 (Ind. Ct. App. 2013) (noting that we will not "write a new contract for the parties or supply missing terms under

the guise of construing a contract"). Accordingly, the trial court read the Option Agreement correctly and properly entered summary judgment in favor of the RDC.

[13] For all of these reasons, we affirm the trial court's entry of summary judgment for the RDC and the court's denial of Dishman's motion for summary judgment.

[14] Affirmed.

May, J., and Bradford, J., concur.

ATTORNEYS FOR APPELLANT

Alan S. Townsend
Bradley M. Dick
Bose McKinney & Evans LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Robert S. Daniels
Michael D. Heavilon
Jacqueline N. Richard
DeFur Voran, LLP
Fishers, Indiana